

# NUMBER 13-17-00369-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

FRANCISCO GOMEZ A/K/A
FRANCISCO JAVIER GOMEZ,                                          Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

## On appeal from the 103rd District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Chief Justice Valdez

A Cameron County jury found appellant Francisco Gomez a/k/a Francisco Javier Gomez guilty of two counts of third-degree assault of a public servant by ordering his dog to attack two police officers as they tried to arrest appellant. *See* TEX. PENAL CODE ANN. 22.01 (b)(1) (West, Westlaw through 2017 1st C.S.). After the jury's guilty verdict, the trial

court pronounced a concurrent sentence of three years in prison on both counts. *See id.* By one issue, appellant contends the trial court erred in denying his pretrial motion to suppress. We affirm.

## I. BACKGROUND

### A. Suppression Hearing

The trial court convened a hearing on appellant's motion to suppress. The hearing was held before trial. The State adduced the following evidence at the hearing through the testimony of an arresting officer.

A fence separates the front yard of appellant's residence from the curb of the street. On May 1, 2016, appellant, a dog owner, called officers to his residence alleging that his wife assaulted him. Officers arrived at the home and arrested appellant's wife. As officers escorted her to the police unit, which was parked on the street, appellant confronted the officers in the front yard and attempted to physically prevent them from reaching the unit. Eventually, officers managed to get past appellant and they placed his wife in the back of a police unit. Notably, there were technical difficulties opening and playing a dash-cam video, which depicted appellant's wife in the back seat of the unit. Consequently, this video was not admitted into evidence at the suppression hearing.

With appellant's wife secured in the back of the unit, officers returned to arrest appellant for the offense of interfering with public duties based on his attempt to physically prevent his wife's arrest. *See* TEX. PENAL CODE ANN. § 38.15 (West, Westlaw through 2017 1st C.S.) (providing that a person commits "[the offense of interference with public duties] if the person with criminal negligence . . . interferes with . . . a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law").

2

However, by that point, appellant locked the officers out of his property by closing the gate to the fence that separated the front yard and the street. Officers pushed the gate open and encountered appellant in the front yard. Appellant began swinging at the officers. During the melee, appellant ordered his dogs to attack. One dog bit the testifying officer on the leg and an assisting officer on the arm.

The trial court denied appellant's motion to suppress, and the case proceeded to trial before a jury.

## B. Trial

On the day of trial, the prosecutor informed the court and the parties that the arresting agency was able to fix the technical problems with the dash-cam video and that the video was now playable. The trial court allowed appellant to view the video. Appellant did not object to the introduction of the video in evidence. The video shows appellant's wife sitting handcuffed in the back of the police unit, and the audio portion captures the verbal exchange between appellant and the officers before officers pushed the front gate open and arrested appellant. One officer told appellant to go back in the house, and when appellant refuses, the officers told appellant that he would be taken in for "threats."

The jury heard all the evidence and found appellant guilty of both counts of assault of a public servant. This appeal followed.

## II. MOTION TO SUPPRESS

By his sole issue, appellant contends the trial court erred in denying his pretrial motion to suppress because the dash-cam video, not admitted at the suppression hearing but later admitted at trial, conclusively established that the officers lacked probable cause to arrest him. Appellant does not specify what evidence should be suppressed if we

reverse the suppression ruling or why the jury's verdict must be reversed without that evidence. Nevertheless, we address appellant's argument below.

## A.      Applicable Law

The code of criminal procedure provides that "[a] peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." TEX. CODE CRIM. PROC. ANN. art. 14.01 (b) (West, Westlaw through 2017 1st C.S.). The test for probable cause for a warrantless arrest is if "the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense." *State v. Woodard*, 314 S.W.3d 86, 97 (Tex. App.-Fort Worth 2010), *aff'd*, 341 S.W.3d 404 (Tex. Crim. App. 2011). In determining whether a police officer had probable cause to effect a warrantless arrest, a court scrutinizes "the objective facts known to the officer at the time of the arrest, not the officer's subjective conclusions." *Moreno v. State*, 124 S.W.3d 339, 348 (Tex. App.—Corpus Christi 2003, no pet.).

## B.      Standard of Review

In reviewing a trial court's ruling on a motion to suppress, we apply a standard of abuse of discretion and overturn the trial court's ruling only if it is outside the zone of reasonable disagreement. *See Martinez v. State*, 348 S.W.3d 919, 922–23 (Tex. Crim. App. 2011). We must apply a bifurcated standard of review, "giving almost total deference to a trial court's determination of historic facts and mixed questions of law and fact that rely upon the credibility of a witness, but applying a de novo standard of review to pure

questions of law and mixed questions that do not depend on credibility determinations."

*Id.*

Questions sometimes arise regarding the scope of evidence available to us in reviewing the trial court's ruling on a motion to suppress. In *Black* v*. State*, the Texas Court of Criminal Appeals set out the "general rule," the "exception," and the "corollary rule" to resolve the question:

> The general rule: In cases in which the trial court is never asked, or is asked but declines, to exercise its discretionary authority to reopen the suppression hearing, appellate review of its ruling on the motion to suppress is ordinarily limited to that evidence presented at the pretrial hearing—the evidence that was before the court at the time of its decision.
>
> The exception: If the parties consensually broach the suppression issue again before the fact-finder at trial, the reviewing court should also consider the evidence adduced before the fact-finder at trial in gauging the propriety of the trial court's ruling on the motion to suppress.
>
> [T]he corollary rule: If at any point before the conclusion of final arguments at trial, the trial court should exercise its discretionary authority to reopen the suppression hearing, the reviewing court should also consider whatever additional evidence may be spread on the record bearing on the propriety of the trial court's ultimate ruling on the motion to suppress.

362 S.W.3d 626, 635–36 (Tex. Crim. App. 2012).

## C.    Discussion

Appellant asserts that: (1) we should consider the dash-cam video in gauging the propriety of the trial court's ruling on the motion to suppress; and (2) the trial court's ruling cannot withstand scrutiny because the video conclusively proves that the testifying officer fabricated the basis for probable cause at the suppression hearing. We disagree on both fronts.

First, the video was not admitted at the suppression hearing, only at trial. Appellant directs us to nothing in the trial record to trigger *Black*'s exception or corollary rule, which

would expand our review to include the dash-cam video. *See id.* Appellant's argument on appeal depends entirely on this video, but he fails to address the rules that would make a review of that video possible on appeal as it relates to the trial court's ruling on the motion to suppress.

Second, the trial court's ruling would withstand scrutiny even factoring in the dash-cam video. The reason is that the officer's testimony at the suppression hearing and the video depict different sequential events giving rise to this appeal. Specifically, the officer testified that probable cause to arrest occurred in the front yard when appellant physically interfered with the officers' attempt to escort his wife to the police unit, whereas the video starts *after* appellant's wife was placed in the back of the unit. Thus, it is temporally impossible for the video to conclusively establish the suppression testimony was false, as appellant claims. At best, the video casts doubt on the officer's subjective intent with respect to the offense of appellant's arrest because the audio portion of the video captures the officer stating "threats" as the basis for arrest. But a court scrutinizes "the objective facts known to the officer at the time of the arrest, not the officer's subjective conclusions." *Moreno*, 124 S.W.3d at 348. The objective facts known to the officer included appellant's interference with his wife's arrest—facts which relate to an event that occurred *before* the video began playing. Therefore, the video would not offer legally significant help to appellant in gauging the propriety of the trial court's ruling. *See id.* We overrule appellant's sole issue.

### III.  CONCLUSION

We affirm the trial court's judgment.

6

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this
23rd day of August, 2018.